### NORTH BRITISH AND MERCANTILE INSURANCE COMPANY, Plaintiff-Appellee, v. MARKOVICH, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23342.   Decided May 10, 1955.

Payne & Herman, Cleveland, for plaintiff-appellee.
Hyland & Hyland, Cleveland, for defendant-appellant.

## OPINION

Per CURIAM:

This suit in equity by the plaintiff-appellee insurance company to rescind and avoid a policy of insurance upon a Buick automobile that was issued to the defendant-appellant, Steve Markovich, is here appealed on questions of law from a judgment in favor of the plaintiff-appellee by the Court of Common Pleas.

Defendant procured title to the Buick in 1949, and had renewed annually the insurance he took out at that time with the plaintiff company until the Buick was reported stolen in 1952.

After the "proof of loss" on the stolen Buick had been filled out and sent to the insurance company, the company apparently decided that the defendant had materially misrepresented facts in his application for insurance and instituted this suit for rescission of the policy. The claim of the insurance company in the main is that ownership of the Buick was not in the defendant, the title holder, but his brother, and that while the defendant had stated in his application that the Buick was to be garaged principally in Cleveland, it was usually garaged in Mansfield, Ohio, at the home of the defendant's brother.

In support of both of these claims the plaintiff relied solely upon the testimony of the defendant title holder and his brother Peter. While there is some conflict in their testimony as to whether the car was a gift or paid for by the defendant title holder, there is no question as to the fact that the defendant holds the certificate of title which, under Ohio law, is conclusive evidence of ownership, and defendant has held the same since 1949. It was not until June 17, 1952, that the automobile was reported stolen from a garage in Cleveland, Ohio.

In an action for rescission on the ground of fraud, the evidence substantiating the claim must be clear and convincing. We have examined the record thoroughly and have reached the conclusion that the evidence not only is not clear and convincing but is insufficient to show fraud even by a preponderance of the evidence. It is our view that the Court erred in not granting defendant-appellant's motion for judgment at the close of plaintiff-appellee's evidence and that the judgment of

the trial court is not based on sufficient evidence. This conclusion is in accord with the oral opinion of the trial court at the close of the hearing when he declared, as appears at one P. 133 of the Bill of Exceptions as follows:

"The purpose of insurance is to insure. That's what they insured this for. The Court feels it should leave these parties to their legal remedies. They have a plain legal remedy in Municipal Court. They should seek their remedy over there. **The Court sees no reason why it should void this policy at this time. The Court sees no reason why it should do that."** (Emphasis supplied.)

The reference by the trial court to a legal remedy in Municipal Court is explained in the opening statements of counsel, wherein it is agreed that there was at the time of the trial of the instant case a pending suit in the Municipal Court wherein the claim for loss of the automobile because of theft was at issue.

It was some time after submission of the case and the statement of the Court above referred to that judgment was entered for the plaintiff-appellee instead of the defendant-appellant. It is our conclusion that the judgment of the trial court is contrary to law and that this court should proceed to enter the judgment for the defendant-appellant which the trial court should have entered. Accordingly the judgment is reversed and final judgment entered for defendant-appellant. Exceptions allowed. Order see Journal.

KOVACHY, PJ, SKEEL, J, HURD, J, concur.